Martha Smith, p. a.
vs.　}No. 84567.
Oriento DiMaio

January 18, 1932.

CHURCHILL, J.　Heard on motion for new trial on the part of defendant after a verdict for the plaintiff in the sum of $2,650.

The action was for death by wrongful act. Martha Smith, daughter of the plaintiff and a child six years of age, came to her death from injuries received in a collision with an automobile truck being driven by the defendant.

The accident happened on Kenyon Street, in Providence, about noon of August 13, 1930. Kenyon Street runs east and west and is about 20 feet in width. The child was crossing Kenyon Street when struck by the truck, which was going in a westerly direction on Kenyon Street.

The Smith family lived in a house at the corner of Kenyon and Pallas Streets, the latter running into Kenyon Street from the south. At the time of the accident a baker's truck was parked on the north side of Kenyon Street to the west of Pallas Street. There was no other traffic on Kenyon Street at that time and in either direction there was a clear view up and down Kenyon Street.

The only two witnesses of the accident were Mrs. Smith, the mother of the child, and the defendant.

The mother testified in substance that some time before the accident her daughter had gone across Kenyon Street to play; that she called her and saw her start for the house, coming up the sidewalk on Kenyon Street; that after calling her she went about her affairs and then went to the window again, a short time afterwards, and saw her daughter just stepping off the sidewalk back of the baker's truck, and that she then glanced easterly down Kenyon Street and saw the truck

driven by defendant coming up the street. At the time she saw it, it was east of the intersection of Pallas and Kenyon Streets. She did not see the actual collision but saw the child as she was being picked up from the gutter on the south side of Kenyon Street. The truck was partly on the south sidewalk of Kenyon Street and partly in the street, the rear wheels being on the sidewalk.

The driver testified in substance that he was going at the rate of about 15 miles an hour; that when he first saw the baker's truck parked on the right hand side of Kenyon Street, it was about 25 feet away; that he turned to the left just before passing the baker's truck and that the child appeared at that time very close in front of his truck, having come out from the front end of the baker's truck; that he turned to his left and applied his brakes but that his forward right hand mudguard struck the child and that after she was struck, the truck he was operating ran about its own length before coming to a stop.

The testimony as to the position of the truck after the accident and the position of the child after the accident was not seriously in conflict.

Both of the witnesses were obviously interested. The burden of proof was on the plaintiff but this Court cannot lay hold of anything, either in the testimony or on the appearance or manner of the witnesses when giving testimony, that would warrant it in ruling that the jury did not have a right to give full credence to the testimony of the mother as against the testimony given by the driver.

On the testimony of the mother as to the point where the child attempted to cross the street and the position of the truck at that time, and on the undisputed testimony in regard to the position of the child when picked up and the position of the truck when stopped after the accident, the jury

were warranted in drawing the conclusion that the accident was due to the negligence of the defendant.

It was seriously urged by counsel for the defendant that the position where the child was picked up in the gutter after the accident showed conclusively that the testimony of the driver must have been correct as to the point where the child attempted to cross the street.

The point where the child was picked up in the gutter was beyond the front of the baker's truck parked on the opposite side of the street. The argument of the defendant overlooks the testimony in regard to the condition of the child's clothes, which were badly torn, and other facts in the case which would warrant the jury in drawing the inference that the child was pushed or dragged for some distance from the point where the collision occurred.

The verdict is not against the weight of the testimony in respect to the negligence of the defendant. The matter of contributory negligence of a child of six years was clearly a matter for the jury.

The amount of the award cannot be said to be excessive. The verdict is sustained by the evidence and does justice between the parties.

Motion for a new trial is denied.

For plaintiff: Fergus J. McOsker.

For defendant: Luigi Capasso.